IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 05-68 |
| | ) | |
| NICK HALTEH, | ) | |
| PIERRE A. ALVAREZ, AND | ) | |
| JOSHUA W. FRITTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Pierre A. Alvarez's ("Mr. Alvarez") Motion in Limine to Exclude Statements of Non-Testifying co-Defendants and Motion to Sever Trials pursuant to Federal Rule of Criminal Procedure 12(b) and 14, Mr. Alvarez's Request for Further Editing to the Government's Proposed Redactions; Defendant Joshua Fritter's ("Mr. Fritter") Objections and Opposition to Government's Use of Defendants' Statements and Proposed Redactions; and Defendant Nick Halteh's ("Mr. Halteh") Response to Government's Proposed Redactions of Defendants' Statements.  Mr. Alvarez, Mr. Fritter, and Mr. Halteh (collectively, "Defendants") are charged with conspiracy to affect commerce by robbery in violation of 18 U.S.C. § 1951 and the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  The government seeks to introduce three sets of statements at trial: (1) statements by Mr. Fritter to law enforcement, (2) statements by

Mr. Alvarez to law enforcement, and (3) testimony by Mr. Halteh at a prior state court proceeding.  All three defendants move the Court in limine to exclude the statements of non-testifying co-defendants to protect their individual Confrontation Clause rights, or alternatively, to sever the trial to avoid prejudicing their individual defenses.  If the Court decides not to exclude the statements or sever the trial, the defendants seek additional redactions to the proposed statements to conform with the requirements of *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny.  The issues before the Court are: (1) whether to exclude the statements of non-testifying co-defendants to protect their individual rights under the Confrontation Clause, (2) whether to sever the trial to prevent prejudicing each defendant's defense, and (3) if the Court chooses to admit the statements and to try the defendants jointly, whether the government's proposed redactions are sufficient to comply with the requirements of *Bruton* and its progeny.

   The Court denies the defendants' motions to exclude the statements because, so long as the statements are properly redacted are admitted only against the speaker, they do not violate the Confrontation Clause.  The Court denies the defendants' motions to sever because it holds that a joint trial will not prejudice each defendant's defense.  The Court grants in part and denies in part the defendants' motions for additional redactions because some additional redactions are required to

comply with *Bruton*.

## I. BACKGROUND

The government seeks to introduce three sets of statements into evidence in its upcoming trial of the defendants. The first set of statements are summaries of Mr. Fritter's conversations with law enforcement on February 13, 2003; February 23, 2003; August 12, 2003; February 25, 2004; March 4, 2004; March 2004 through September 2004; and trial testimony on August 12, 2003. In his various conversations with law enforcement, Mr. Fritter discusses his relationship with Mr. Halteh, information about a murder, his association with others from Yorkville, and the robbery of a young Asian man by Mr. Fritter and others. Mr. Fritter's statements also discuss a letter he received from Mr. Halteh. The letter is attached to the statements as an exhibit the government seeks to introduce.

The second set of statements were made by Mr. Alvarez to law enforcement on March 13 and 15, 2004, and September 27, 2004. Mr. Alvarez's statements concern his, Mr. Halteh's and Mr. Fritter's decision to rob someone of his marijuana, as well as references to other robberies of drug dealers and a murder.

The third set of statements consists of trial testimony by Mr. Halteh at his trial in state court. Mr. Halteh's testimony describes a transaction with a drug dealer where a shooting took place.

All three defendants seek the exclusion of the government's

redacted statements of non-testifying co-defendants, arguing that admitting such statements would violate their Confrontation Clause Rights as delineated in *Crawford v. Washington*, 541 U.S. 26 (2004). If the Court does allow these statements to be introduced, the defendants argue that the case should be severed to avoid prejudicing each of their individual defenses. Finally, if the Court denies both the motion to exclude and to sever, each defendant proposes additional redactions to the statements to ensure their conformity with *Bruton* and its progeny.

The government, on the other hand, argues that no *Crawford* problem arises so long as statements are introduced only against the maker of the statement and no other defendant during trial. In addition, the government argues that severance is not required because each defendant's defense will not be prejudiced by a joint trial. Finally, the government asserts that its proposed redactions are sufficient to comply with the requirements of *Bruton*.

The Court heard oral argument on these motions on July 29, 2005.

## II. ANALYSIS

*Issue 1: Should the Court exclude the statements to protect the defendants' rights under the Confrontation Clause?*

The Court denies the defendants' motions to exclude the statements of non-testifying co-defendants because properly

redacted statements with a limiting instruction do not violate the defendants' rights under the Confrontation Clause or *Crawford* so long as they are only introduced against the defendant who made the statement.  A criminal defendant's right to confrontation in the form of cross-examination is an important trial right guaranteed by the Confrontation Clause of the Sixth Amendment.  *See Bruton*, 391 U.S. 123; *see also Crawford*, 541 U.S. 36.  In *Bruton*, the Supreme Court held that the admission of a co-defendant's confession that implicated the defendant at a joint trial was a violation of the defendant's Sixth Amendment right to confrontation, even though the jury was instructed to consider that testimony only against a co-defendant.  391 U.S. at 126.  Nevertheless, in *Richardson v. Marsh*, 481 U.S. 200 (1987), the Supreme Court held that the admission of a non-testifying co-defendant's confession did not violate the defendant's rights under the Confrontation Clause where the confession was redacted to eliminate not only the defendant's name, but any reference to her existence, and the Court instructed the jury not to use the confession in any way against the defendant.  *Id.* at 211. In addition, in *Gray v. Maryland*, 523 U.S. 185 (1998), the Supreme Court held that a statement redacted to replace the co-defendants name "with an obvious blank, the word 'delete,' a symbol, or similarly notif[ying] the jury that a name has been deleted," such that it was still both "facially incriminating" and "directly accusatory" falls under *Bruton* and is inadmissable.

523 U.S. at 195. In interpreting *Bruton*, *Richardson*, and *Gray*, the Fourth Circuit has held that a co-defendant's statements are admissible if redacted and replaced with a neutral pronoun or phrase such as "person" or "individual" or even "friend," "partner," "associate," or "client," provided that such a neutral statement does not render the statement "directly accusatory" or "facially incriminatory." *See, e.g.*, *United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir. 1999); *United States v. Cuong Gia Le*, 316 F. Supp. 2d 330, 334 (E.D. Va. 2004); *United States v. Smallwood*, 307 F. Supp. 2d 784, 789 (E.D. Va. 2004) (listing Fourth Circuit cases). Because replacing a co-defendant's name or identifying characteristic with a neutral pronoun is sufficient to satisfy *Bruton* and its progeny, the Court will not exclude the statements.

Defendants' argument that *Crawford* prohibits the introduction of these statements into evidence despite redactions is unconvincing because *Crawford* does not require the Court to exclude a non-testifying co-defendant's statements when they are redacted to exclude any facially incriminatory references, and only introduced against the defendant making the statement. In *Crawford*, the Supreme Court held that testimonial hearsay is inadmissible against a defendant if the out-of-court declarant is unavailable to testify and the defendant has no prior opportunity to cross-examine that declarant. 541 U.S. at 67. Here, no

6

statements will be introduced against any defendant who did not make that statement himself.  *See Cuong Gia Le*, 316 F.Supp.2d at 338 (rejecting the argument that allowing the introduction of a non-testifying co-defendant violates *Crawford* because *Crawford* is implicated only if the redacted statements are facially incriminating and if they are introduced against a defendant who did not make that statement).  Furthermore, the Court expects the parties to prepare a limiting instruction for the jury specifying that statements made by non-testifying co-defendants may only be introduced against the person who made the statement.  *See id.* (citing *Richardson*, 481 U.S. at 211, for the proposition that a general presumption exists that jurors follow the Court's instructions).

*Issue 2: Should the Court sever the trial to prevent prejudicing the defendants' individual defenses?*

The Court denies the defendants' motions to sever because the use of properly redacted statements and a limiting instruction will prevent any prejudicial effect of a joint trial. Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief justice requires.

*Id.*  "The grant or denial of a motion for severance... is within the trial court's discretion and will not be overturned absent a

clear abuse of that discretion." *United States v. West*, 877 F.2d 281, 287-88 (4th Cir. 1989). The party moving for severance must establish that actual prejudice would result from a joint trial, *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992), and not merely that "a separate trial would offer[] a better chance of acquittal." *United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986). Severance is only required where a joint trial "deprives the defendant of a fair trial and results in a miscarriage of justice." *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992) (quoting *United States v. Becker*, 585 F.2d 703, 706 (4th Cir. 1978)). In addition, it is a well-established principle that defendants who are charged in the same criminal conspiracy and indicted together should be tried together. *See, e.g.*, *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995); *Spitler*, 800 F.2d at 1271; *see also* Fed. R. Crim. P. 8(b) (allowing two or more defendants to be charged in the same indictment if alleged to have participated in the same act); *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (stating that joint trials of defendants indicted together "promote efficiency and 'serve the interest of justice avoiding the scandal and inequity of inconsistent verdicts'")(citation omitted). The Supreme Court has endorsed the notion that a joint trial typically allows "the jury [to] obtain[] a more complete view of all the acts underlying the charges than would be possible in separate trials," and thus "to arrive more reliably at its

conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the respective responsibilities of each defendant in the sentencing." *Buchanan v. Kentucky*, 438 U.S. 402, 418 (1987).  Furthermore, in cases in which the risk of prejudice is high, severance may not be necessary because "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."  *Id.*; *see also United States v. Hayden*, 85 F.3d 153, 160 (4th Cir. 1996) ("The mere showing of prejudice is not enough to require severance.  Rather, tailoring of relief, if any, for any potential prejudice resulting from a joint trial is left to the district court's sound discretion") (citation omitted).

In this case, the defendants have failed to establish that actual prejudice will result from a joint trial.  First, as explained above, admission of a non-testifying co-defendant's statement will not violate a defendant's rights under the Confrontation Clause or *Crawford* if the statements are redacted such that they are not facially incriminatory and they are introduced only against the testifying defendant.  Second, the defendants have made no other meritorious arguments rebutting the clear preference for joint trials in existing caselaw. Consequently, the Court denies the defendants' motion to sever the trial.

*Issue 3: What, if any, additional redactions are necessary to*

*meet the requirements of Bruton?*

The Court has considered the redactions submitted by the government and the requests for further redaction by the defendants. In addition, it considered additional requests from the parties at oral argument on July 29, 2005. The Court directs the government to make the changes indicated in the attached transcripts.

In particular, to comply with *Bruton* and its progeny, the Court directs the government to strike any direct references to any defendant other than the testifying defendant found in any of the statements, and to replace them with neutral pronouns. *Bruton* and its progeny do not require that a non-testifying co-defendant's statement omit any reference to the existence of another person, but only that the statement not facially incriminate or directly accuse the defendant. *Akinkoye,* 185 F.3d at 198 (ruling that the replacement of defendants' names with the phrase "another person" or "another individual" did not prejudice the defendant in anyway).

In addition, the Court directs the government to remove any references to the "Yorkville Crew" apparent in the statements submitted to the Court and in the letter from Mr. Halteh to Mr. Fritter, as they are more prejudicial than probative to whether the defendants were involved in the events charged in the indictment. *See* FED. R. EVID. 403. Furthermore, the Court directs the government to remove any insertions of the word

"group" or "members of the group" from the statements because they do not accurately reflect the intention of the declarant, and because the indictment includes a charge of conspiracy, the use of the word "group" is more prejudicial than probative. *See id.*

### III. CONCLUSION

The Court denies the defendants' motions to exclude the statements because they do not violate the defendants' Confrontation Clause rights so long as they are properly redacted and introduced only against the maker of the statement. The Court denies the defendants' motions to sever because the defendants fail to show actual prejudice if they are tried jointly. The Court denies in part and grants in part the defendants' motions for further redactions as necessary to comply with the requirements of *Bruton* and its progeny. For the foregoing reasons, it is hereby

ORDERED that Mr. Alvarez's Motion in Limine to Exclude Statements of Non-Testifying co-Defendants and Motion to Sever Trials is DENIED.

ORDERED that Mr. Alvarez's Request for Further Editing to the Government's Proposed Redactions and Defendant Joshua Fritter's ("Mr. Fritter") Objections and Opposition to Government's Use of Defendants' Statements and Proposed Redactions; and Defendant Nick Halteh's ("Mr. Halteh") Response

to Government's Proposed Redactions of Defendants' Statements are GRANTED IN PART AND DENIED IN PART. The government is DIRECTED TO make the attached redactions to the statements.

    ORDERED that the parties prepare a proper limiting instruction for the jury concerning against whom a statement of a non-testifying co-defendant may be introduced.

    The Clerk is directed to forward a copy of this Order to counsel of record.

    ENTERED this \_\_\_22nd\_\_\_\_ day of August, 2005.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
8/22/05